UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRI LEIGH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:08-0771 |
| ) | |
| FALCON TRANSPORT CO., ) | Judge Echols/Bryant |
| ) | |
| Defendant. ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

This action has been referred to the undersigned Magistrate Judge for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket Entry No. 5).

Title 28, United States Code, Section 1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal —
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim upon which relief
>    may be granted; or
>   (iii) seeks monetary relief against a defendant
>    who is immune from such relief.

A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks such a basis if it contains factual allegations that are fantastic or delusional, or

if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000).

The complaint, although inartfully drafted and somewhat confusing because of handwritten entries and notes in the margins, seems to assert a claim of Title VII employment discrimination against named defendants "Falcon Transport Nashville, TN, Falcon Transport West Middlesex, PA, Falcon Transport Gary, IN and Falcon Transport Rossford, OH, and Keith Delaney, Mgr." According to the complaint, the defendant terminated plaintiff's employment in April 2007 based upon unlawful discrimination. It is unclear whether the Falcon Transport parties identified with different locations are meant to suggest separate legal entities or, alternatively, merely different business locations of the same legal entity, Falcon Transport Company. The "right-to-sue" letter from the EEOC, attached as an exhibit to the complaint, lists only "Falcon Transport Co." at a Youngstown, Ohio, address, suggesting that plaintiff's discrimination charge before the EEOC was lodged only against this legal entity. Filing a charge of discrimination before the EEOC is a precondition to filing a lawsuit for employment discrimination under Title VII. 42 U.S.C. § 2000e-5(f). Inasmuch as the record before the Court shows that plaintiff filed her discrimination charge before the EEOC against Falcon Transport Co. only, her claim here may proceed only against that entity.

Although expressing no opinion on the ultimate merits of plaintiff's claims, the undersigned Magistrate Judge finds that her

2

claims against Falcon Transport Co. are not facially frivolous, malicious or otherwise subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

To the extent that plaintiff seeks to assert claims under Title VII against other legal entities against which she has not asserted charges before the EEOC, the undersigned Magistrate Judge finds that this Court lacks jurisdiction of those claims and that they are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS**, to the extent that plaintiff seeks to assert claims against parties other than Falcon Transport Co., that those claims be **DISMISSED** for lack of jurisdiction, and that any appeal of this recommendation, if adopted by the Court, be certified not to be in good faith under 28 U.S.C. § 1915(a)(3). The undersigned further **RECOMMENDS** that plaintiff's claims against defendant Falcon Transport Co. be allowed to proceed and that process should issue for this defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10)

3

days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of November 2008.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
