UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRI LEIGH JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:08-0771 |
| | )  Judge Echols |
| FALCON TRANSPORT CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, pro se, filed this employment discrimination action against assorted Defendants, including "Falcon Transport Nashville, TN," "Falcon Transport West Middlesex, PA," "Falcon Transport Gary, IN," "Falcon Transport Rossford, OH," and "Keith Delaney, Mgr."[1] The action was referred to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket Entry No. 14), recommending that to the extent Plaintiff seeks to assert claims against parties other than Falcon Transport Company, those individuals and entities should be dismissed for lack of jurisdiction. The Magistrate Judge also recommends that Plaintiff's claims against Falcon Transport Company should be allowed to proceed and process should issue as to that Defendant. (Docket Entry No. 14 at 3).

On November 24, 2008, Plaintiff filed an untitled document (Docket Entry No. 21) in which she purports to "appeal" the Magistrate Judge's recommendation. The Court will consider this "appeal" as Plaintiff's Objection to the R & R.

---

[1] Plaintiff names various individuals and entities in both the caption and body of the Complaint. It is not entirely clear as to which individuals and entities are intended to be actual Defendants in this action, particularly since the Complaint contains assorted and difficult to decipher marginal notes.

When a party makes timely objections to a Report and Recommendation, the Court "shall make a de novo determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

In the R & R, the Magistrate Judge noted Plaintiff's Complaint is "inartfully drafted and somewhat confusing" (Docket Entry No. 14 at 2), but that Plaintiff was asserting various forms of employment discrimination by her former employer Falcon Transport Company. The Magistrate Judge also observed that it was unclear whether the various Falcon Transport entities set forth in the Complaint referred to merely different business locations, or whether they referred to different legal entities. However, since this is an employment discrimination case, the Magistrate Judge recommends that the case should proceed solely against Falcon Transport Company, since that is the entity identified on Plaintiff's Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") and filing with the EEOC is a precondition to a Title VII lawsuit.

Like her Complaint, Plaintiff's objections are not entirely clear. It appears that Plaintiff has no opposition to the dismissal of the various Falcon Transport entities and the individuals identified in the Complaint, so long as she can pursue her discrimination claims against Falcon Transport Company. However, she also claims that Falcon Transport is "½ of the problem" and that Falcon Transport and an entity identified as "G.D. Leasing" owe her for past wages. (Docket Entry No. 21 at 2).

Plaintiff's objection is not the first time that she is claiming she is due past wages. In a document titled "**Order ** Amendment ** Notice" which has been docketed as a "Motion to Amend" (Docket Entry No. 10), Plaintiff appears to be claiming that she was hired and trained by both

Falcon Transport and G.D. Leasing, that she was not paid for all of her training days, and that the payment of her wages was the responsibility of both entities. That filing was made a couple of weeks before the R & R was issued.

"While Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend h[er] complaint once as a matter of right prior to the filing of an answer or a dispositive motion, such amendments are still subject to the frivolity review pursuant to 28 U.S.C. § 1915(e)(2)." Griffin v. Murphy, 2008 WL 696226 at *1 (M.D. Ga. 2008); see, Dye v. Batten, 2006 WL 4662534 at *1 (E.D.N.C. 2006). In this case, the Court will leave it to the Magistrate Judge in the first instance to conduct a frivolity review with respect to the proposed amendments to Plaintiff's Complaint and determine whether the Motion to Amend should be granted.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 14) is hereby ACCEPTED insofar as it recommends dismissal of the claims of employment discrimination against any of the entities or individuals named in the original complaint, other than Defendant Falcon Transport Company;

(2) Plaintiff's Objection to the R & R is hereby OVERRULED;

(3) Plaintiff shall be allowed to PROCEED with her claims of employment discrimination as set forth in the original Complaint against Defendant Falcon Transport Company and PROCESS SHALL ISSUE as to that Defendant; and

(4) This file is hereby RETURNED to the Magistrate Judge for frivolity review in relation to Plaintiff's Motion to Amend (Docket Entry No. 10).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE