```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                           NASHVILLE DIVISION
```

JERRI LEIGH JACKSON,           )
                               )
    Plaintiff,                 )
                               )
        v.                     )    NO. 3:08-0771
                               )
FALCON TRANSPORT COMPANY,      )    Judge Campbell/Bryant
                               )
    Defendant.                 )

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

On January 20, 2010, plaintiff, who is proceeding pro se, filed a document entitled "*Plaintiff's Summary Judgement Report *Motion for Defendant's Summary Judgement Report Responses *Motion for Judicial Summary Judgement Report Responses*" (Docket Entry No. 100). This filing, consisting of 80 pages, includes a lengthy handwritten summary of plaintiff's claims in this case and photocopies of what appear to be various records and correspondence, many of which bear handwritten marginal notes that appear to have been added by plaintiff. Significantly, none of the information included in this filing is sworn, nor are the various included documents otherwise authenticated. The Clerk has failed to docket this filing as a motion for summary judgment, undoubtedly because it is not titled as such, but page 79 of this filing includes a request that the court grant summary judgment in favor of plaintiff.

Rule 56 of the Federal Rules of Civil Procedure provides that a party may file a motion for summary judgment. Rule 56(c)(2) provides as follows: "The judgment sought should be rendered if the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(1) describes affidavits used in support of or opposition to a motion for summary judgment and states, in part, as follows: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated."

Plaintiff's motion here is altogether unsworn and fails to show the absence of any genuine issue of material fact for trial as contemplated by Rule 56.

In addition, Local Rule 56.01(b) states as follows:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

Finally, Local Rule 7.01(a) provides that "[e]very motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact

2

are relied upon, affidavits or depositions in support thereof." This rule further provides that no memorandum of law shall exceed 25 pages without leave of court.

Plaintiff's motion here does not comply with Local Rule 56.01 or Local Rule 7.01 because it is accompanied neither by the required concise statement of undisputed facts or by the required memorandum of law.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for summary judgment (Docket Entry No. 100) be **DENIED** without prejudice to plaintiff's right to file a motion pursuant to Rule 56 that is properly supported according to the rules.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

3

**ENTERED** this 16th day of August 2010.

>s/ John S. Bryant
>JOHN S. BRYANT
>United States Magistrate Judge

4