UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRI LEIGH JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  3:08-0771 |
| | ) | |
| FALCON TRANSPORT COMPANY, | ) | Judge Campbell/Bryant |
| | ) | |
| Defendant. | ) | |

**TO: The Honorable Todd J. Campbell**

<u>**REPORT AND RECOMMENDATION**</u>

Defendant Falcon Transport Company has filed its motion to dismiss (Docket Entry No. 177) pursuant to Rule 12(b)(6) by which defendant seeks dismissal of several specific claims contained in plaintiff's amended complaint (Docket Entry No. 45). As grounds for its motion, defendant asserts that a number of these claims are not recognized under Tennessee law, and that other claims are barred by the one-year statute of limitations.

Plaintiff, who is proceeding <u>pro se</u>, has filed a response in opposition (Docket Entry No. 190) and defendant has filed a reply (Docket Entry No. 191).

For the reasons stated below, the Magistrate Judge recommends that defendant's motion to dismiss be granted.

<u>**Statement of the Case**</u>

Liberally construed, plaintiff's amended complaint (designated in its heading as "Order, Notice, Memorandum") states a claim of employment discrimination against defendant Falcon Transport Company.  Specifically, plaintiff alleges that in March

2007 she was employed by defendant Falcon as a truck driver trainee and that she was wrongfully terminated from this employment on April 16, 2007, as a result of unlawful discrimination based upon her age, sex, religion, disability, and as retaliation for her having filed previous charges of discrimination (Docket Entry No. 1 at 5). In addition, her amended complaint includes a reference to the "ADA," from which the Court also considers that plaintiff seeks to advance a claim that defendant violated the provisions of the Americans With Disabilities Act when it terminated her employment.

Significant to the present motion to dismiss, plaintiff on page 36 of her amended complaint includes the following list of "charges:" "Character assassination, defamation, unlawful conduct, false imprisonment, loss, pain, suffering, damage, punitive damage, torts, negligence, assault & battery, intentional infliction to severe (sic) employment relationship, intentional infliction of emotional distress – duress, unlawful dismissal, unlawful motivation, unlawful intention, civil wrongs, invasion of privacy, fraud, slander, personal injury, mental anguish." Defendant's motion to dismiss is directed at this list of "charges," and does not seek dismissal of plaintiff's claims based upon employment discrimination and violation of the Americans With Disabilities Act.

## Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss[1] for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings

---

[1]Defendant also bases its motion on Rule 12(c), which provides for a "motion on the pleadings." The standard of review for a Rule 12(c) motion is the same as that for a motion filed pursuant to Rule 12(b)(6). Bishop v. Woodbury Clinical Lab., Inc., 2010 WL 1609949 (M.D. Tenn. Apr. 20, 2010).

drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply.  <u>See</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1990).  Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a <u>pro</u> <u>se</u> plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" <u>Dixie v. Ohio</u>, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**<u>Analysis</u>**

Defendant Falcon argues that thirteen of the "charges" in plaintiff's amended complaint are not recognized by Tennessee law, and that the remaining eight "charges" that are the subject of this motion are barred by the one-year Tennessee statute of limitations (Docket Entry No. 177-1).

Plaintiff, in her response in opposition (Docket Entry No. 190), altogether ignores and fails to respond to defendant's legal arguments.  Instead, plaintiff disparages the Court's intelligence and integrity and the ethics of the defendant and its counsel.  Plaintiff also attaches what appears to be unsworn copies of her medical records to which she has apparently added numerous

handwritten comments. Even if these records were properly authenticated, they shed no light on the legal issues raised by defendant's motion to dismiss.

Charges not recognized under Tennessee law. Defendant argues that thirteen "charges" included in plaintiff's amended complaint fail to state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). These thirteen "charges" are: (1) character assassination; (2) unlawful conduct; (3) loss; (4) pain; (5) suffering; (6) damages; (7) punitive damages; (8) torts; (9) intentional infliction to "severe the employment relationship;" (10) unlawful motivation; (11) unlawful intentions; (12) civil wrongs; and (13) mental anguish.

"Damages" and "punitive damages" are remedies, and loss, pain, suffering and mental anguish are factors that a finder of fact may consider in awarding damages in an appropriate case, but these factors are not stand-alone causes of action. See McEnroe v. Microsoft Corp., 2009 WL 4824709 (E.D. Wash. Dec. 11, 2009). Similarly, "torts" is a legal term describing a category of civil wrongs for which a remedy may be obtained, but is not a claim or cause of action by itself. The remaining causes of action referenced by number above are simply not recognized as claims under Tennessee law and, therefore, must be dismissed pursuant to Rule 12(b)(6). See Sharara v. Bank of America, 2010 WL 70375 (E.D. Mich. Feb. 23, 2010); Galvatubing, Inc. v. Commonwealth

Aluminum Tube Enterprises, LLC, 2009 WL 962254 (W.D. N.C. Apr. 7, 2009).

A court should dismiss a count which strives to state an unrecognized cause of action. Meta Eng'rs. v. Wilmot, Bower & Assocs., Inc., 1987 WL 9523 (D.D.C. Mar. 31, 1987). The undersigned Magistrate Judge finds that the thirteen "charges" listed above in this subsection are not recognized causes of action under Tennessee law and, for that reason, should be dismissed.

Claims barred by the statute of limitations. According to plaintiff's amended complaint, her employment by defendant was terminated on April 16, 2007. She filed her complaint in this action on May 1, 2008 (Docket Entry No. 1). Defendant argues that the following "charges" in plaintiff's amended complaint are barred by the one-year Tennessee statute of limitations codified in Section 28-3-104 of the Tennessee Code: (1) invasion of privacy; (2) false imprisonment; (3) personal injury; (4) slander; (5) defamation; (6) negligence; (7) intentional infliction of emotional distress; and (8) assault and battery.

The statute of limitations in Tennessee for invasion of privacy, false imprisonment, personal injury and libel are expressly subject to the one-year Tennessee statute of limitations. Tenn. Code Ann. § 28-3-104. In addition, claims of negligence, intentional infliction of emotional distress, and assault and battery have been held subject to the one-year statute of limitations. Johnson v. Jones, 2009 WL 902143 at *1 (Tenn. Ct.

App. Apr. 2, 2009) (negligence); <u>Mackey v. Judy's Foods, Inc.</u>, 867 F.2d 325, 329 (6th Cir. 1989) (intentional infliction of emotional distress); <u>Theus v. GlaxoSmithKline</u>, 2010 WL 1780215 at *10 (W.D. Tenn. Apr. 29, 2010) (assault and battery). Finally, the statute of limitations in Tennessee for the cause of action of slander is six months after the offensive words are uttered. Tenn. Code. Ann. § 28-3-103.

Since it appears from the amended complaint that all of these claims accrued more than one year before May 1, 2008, when plaintiff filed her complaint, the undersigned Magistrate Judge finds that they are barred by the one-year statute of limitations.

The charge that plaintiff filed with the EEOC on July 9, 2007, does not change this result. Tennessee law makes it clear that the statute of limitations for bringing a direct court action is not tolled while administrative charges are pending with the EEOC. <u>See</u> <u>Burnett v. Tyco Corp.</u>, 932 F.Supp. 1039 (W.D. Tenn. 1996).

For the reasons stated above, the undersigned Magistrate Judge finds that the eight causes of action listed by number in this subsection above should be dismissed as barred by the statute of limitations.

## **<u>RECOMMENDATION</u>**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss (Docket Entry No. 177) should be **GRANTED**, and that the charges enumerated in this

motion, to the extent they are advanced as stand-alone causes of action separate and apart from plaintiff's claims of employment discrimination, should be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 29th day of April 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge